IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David A. Jerri<br>   Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>   Secured Creditor<br>vs.  | NO. 17-10879 AMC |
| David A. Jerri<br>   Debtor | 11 U.S.C. Section 362 |
| William C. Miller<br>   Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Order dated February 12, 2019, entered as document 46, granting stay relief to Secured Creditor is hereby vacated.

2. The bankruptcy automatic stay is reinstated as to Secured Creditor and the Property located at 400 Louise Avenue, Croydon, PA 19021 ("the Property").

3. The post-petition arrearage on the mortgage held by the Secured on the Property is **$9,524.90**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | Dec. 2018 through Jan. 2019 at $1,707.07/month<br>Feb. 2019 through Apr. 2019 at $1,671.40 |
| Suspense Balance: | ($594.80) |
| Fees & Costs Relating to Notice of Default and Cert of Default: | $300.00 |
| **Total Post-Petition Arrears** | **$8,133.54** |

4. The Debtor(s) shall cure said arrearages in the following manner

 a) The debtor shall make a lump sum payment of $8,133.54 to Secured Creditor at the below address on or before April 30, 2019:

   Rushmore Loan Management Services
   P.O. Box 52708
   Irvine, CA 92619-2708

 b) Maintenance of current monthly mortgage payments beginning on May 1, 2019 to the Secured Creditor thereafter.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Secured Creditor shall adjust the account accordingly.

6. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting the Secured Creditor relief from the automatic stay.

7. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

8. If the case is converted to Chapter 7, the Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting the Secured Creditor relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by the Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The parties agree that a facsimile signature shall be considered an original signature.

Date:   April 2, 2019                    By: /s/ Rebecca A. Solarz
                                              Rebecca A. Solarz, Esquire
                                              Attorney for Secured Creditor

Date:   4/4/19
                                              Brad J. Sadek, Esquire
                                              Attorney for Debtor

Date:   4-5-19
                                         JAC/  William C. Miller
                                              Chapter 13 Trustee

                                              No objection

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

                                                    _____
                                                    Bankruptcy Judge
                                                    Ashely M. Chan